```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| EQUIPMENT FINANCE, LLC,         )<br>                    Plaintiff )<br>         vs.                   )<br>STEVEN M. HUTCHISON, and       )<br>BLUE HORIZON VEGETATIVE        )<br>  RECYCLING & LAND CLEARING, INC., )<br>                    Defendants )  | Civil Action<br>No. 09-cv-01964 |

                         *   *   *

APPEARANCES:
        ALAN C. GERSHENSON, ESQUIRE
            On Behalf of Plaintiff

        JAMES A. DOWNEY, III, ESQUIRE
            On Behalf of Defendants

                         *   *   *

                    O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on the Motion for Summary Judgment filed by defendants Steven M. Hutchison and Blue Horizon Vegetative Recycling & Land Clearing, Inc. on January 13, 2010. The Answer of Equipment Finance, LLC to Motion for Summary Judgment was filed by plaintiff on January 26, 2010. The matter was briefed, and at the conclusion of oral argument on April 21, 2010, I took the matter under advisement. Hence this Opinion.

      Defendants base their Motion for Summary Judgment on two affirmative defenses: the statute of limitations and the statute of frauds. Because defendants do not meet their initial burden as movants for summary judgment on these issues, and

because defendants failed to file the statement of undisputed facts required by my Rule 16 Status Conference Order, I deny defendants' Motion for Summary Judgment.

JURISDICTION

This action is before the court on diversity jurisdiction. Plaintiff Equipment Finance LLC is a limited liability company which is a citizen of the Commonwealth of Pennsylvania. Defendant Steven M. Hutchinson is an individual who is a citizen of the State of North Carolina. Defendant Blue Horizon Vegetative Recycling and Land Clearing, Inc., is a North Carolina corporation. The amount in controversy is in excess of $75,000. See 28 U.S.C. § 1332.

VENUE

Venue is proper because the facts and circumstances giving rise to the cause of action occurred in Lancaster County, Pennsylvania, which is in this judicial district. 28 U.S.C. § 1391.

STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Startzell v. City of Philadelphia, 533 F.3d 183, 192 (3d Cir. 2008). The movant bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; El v. Southeastern Pennsylvania Transportation Authority, 479 F.3d 232, 237 (3d Cir. 2007).

The movant must set forth the legal elements of its theory and point to specific evidence which supports each element. Combustion Systems Services, Inc. v. Schuylkill Energy Resources, Inc., 1994 U.S.Dist. LEXIS 7133, *11 (E.D.Pa. May 18, 1994) (Huyett, S.J.); accord Board of Sapphire Bay Condominiums West v. Simpson, 2010 U.S.Dist. LEXIS 59817, *9-10 (D.V.I. June 14, 2010) (Stengel, J.).

In addition, the movant must provide specific citations to the relevant portions of the record. E.g., Handeen v. Lemaire, 112 F.3d 1339, 1345-1346 (8th Cir. 1997); Lexion Medical, LLC v. Northgate Technologies, Inc., 618 F.Supp.2d 896, 899 (N.D.Ill. 2009); Murray v. Edwards County Sheriff's Department, 453 F.Supp.2d 1280, 1285 (D.Kan. 2006).

Where the movant does not bear the burden of persuasion at trial, it may satisfy its burden of production by merely showing that there is a lack of evidence to support the non-movant's claim. Celotex, 477 U.S. at 325; National State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992).

On the other hand, where the movant does bear the burden of persuasion at trial, it must meet a more stringent standard: it "must show that it has produced enough evidence to support the findings of fact necessary to win." El, 479 F.3d at 237. Put another way, it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial "unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." Id. at 238; see National State Bank, 979 F.2d at 1582.

In ruling on a motion for summary judgment, the court's role is not to scour the record for evidence not brought to the court's attention. E.g., Atlanta Gas Light Company v. UGI Utilities, Inc., 463 F.3d 1201, 1209 n.11 (11th Cir. 2006); Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994); Gibson v. Express Scripts, Inc., 2004 U.S.Dist. LEXIS 20069, at *2 n.1 (E.D.Pa. September 28, 2004) (Gardner, J.).

It is not the Court's obligation to sift through the record searching for a genuine issue of material fact. Rather, it is the parties' obligation to show the absence or existence of such an issue. FedEx Ground Package System, Inc. v. Applications International Corporation, 2008 U.S.Dist. LEXIS 107896, at *35 (W.D.Pa. September 12, 2008) (quoting Dunkin' Donuts Incorporated v. Patel, 174 F.Supp.2d 202, 210 (D.N.J. 2001)); Warner v. Montgomery Township, 2002 U.S.Dist. LEXIS 13257, at *62

(E.D.Pa. July 22, 2002) (Kelly, R.F., S.J.) (also quoting Dunkin' Donuts Incorporated).

## DISCUSSION

As noted above, defendants' Motion for Summary Judgment is based on the statute of limitations and the statute of frauds. Both the statute of limitations and the statute of frauds are affirmative defenses. Fed.R.Civ.P. 8(c)(1). Accordingly, defendants bear the burden of persuasion on these issues at trial. See Karpiel v. Ogg, Cordes, Murphy, & Ignelzi, LLP, 297 Fed.Appx. 192, 193-194 (3d Cir. 2008); El, 479 F.3d at 237.

Thus, to obtain summary judgment, defendants must produce enough evidence that "a reasonable juror would be compelled to find [their] way on the facts needed to rule in [their] favor on the law." El, 479 F.3d at 238; see National State Bank, 979 F.2d at 1582. I deny defendants' Motion for Summary Judgment because they have not satisfied this burden.

Defendants have not set forth the legal elements of their theories, nor pointed to specific evidence which supports each element, Combustion Systems Services, Inc., supra, and defendants provide only a scattered few specific citations to the record. Without the benefit of the elements of defendants' affirmative defenses, it is difficult to determine which facts are material. Ultimately, I conclude that defendants have not produced enough evidence to compel a reasonable jury to find their way on the facts needed to rule in their favor on the law.

## Statute of Limitations

Plaintiff's Complaint alleges breach of contract on a promissory note attached as Exhibit A, and breach of implied contract and unjust enrichment on seventeen checks attached as Exhibits B-R.  (Claims of breach of implied contract and unjust enrichment on an additional check, numbered 4162, which was not attached as an exhibit to the Complaint, were withdrawn at oral argument.)

Defendants argue that the Pennsylvania statute of limitations bars plaintiff's claims on the promissory note and various checks.[1]  Defendants contend that there is a four-year statute of limitations on a writing.[2]  Defendants also contend that there is no genuine issue of material fact that this action was not commenced within the statute of limitations for these items.

Defendants further contend that there is no genuine issue of material fact that there was no promise to pay or acknowledgment of indebtedness made within four years of

---

[1] Defendant contends that the statute of limitations has expired on the promissory note (Exhibit A attached to plaintiff's Complaint) and on nine checks (Exhibits "B" through "J" attached to plaintiff's Complaint).

[2] 42 Pa.C.S.A. § 5525(a)(7) provides in pertinent part:

> (a) [T]he following actions and proceedings must be commenced within four years:
>
> > (7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing.  Where such instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the latter of either demand or any payment of principal of or interest on the instrument.

July 2003 for the promissory note, and that there is no record of any payment for the checks.

Plaintiff contends that the statute of limitations on the promissory note is twenty years because it is an instrument under seal.[3] Moreover, plaintiff asserts that the checks were part of a continuing contract.[4] However, defendants' submission does not address plaintiff's continuing contract argument.

Thus, because there are outstanding factual disputes regarding the appropriate statute of limitations and disputes concerning material issues of fact regarding whether this was a continuing contract, I conclude that it is inappropriate to grant summary judgment based upon defendant's statute of limitations defense.

Moreover, defendants cite pages 14-15, 22, and 41-42 of the deposition of Edward T. Martel, Jr., the Collections Manager for plaintiff Equipment Finance, LLC, in support of their contention that there has been nothing done to toll the statute of limitations.[5] However, Mr. Martel's deposition indicates only that there were no payments received nor demands for payment made regarding these items. It does not indicate that no promise to

---

[3] See 42 Pa.C.S.A. § 5529(b)(1).

[4] See Plaintiff's Reply Per Order of Court to Defendants' Supplemental Memorandum of Law at pages 2-4.

[5] See Notes of Testimony of the oral deposition of Edward T. Martel, Jr., October 28, 2009. The Martel deposition was attached as an exhibit to defendants' Motion for Summary Judgment.

pay or acknowledgment of indebtedness was made.[6]  Thus, defendant has not satisfied the burden of persuasion on its contention that there was neither a promise to pay nor an acknowledgment of indebtedness by defendant.  See Karpiel, supra.  Therefore, those issues will need to be addressed at trial.

Accordingly, I deny summary judgment concerning defendant's statute of limitations defense.

## Statute of Frauds

Defendants argue that the statute of frauds bars plaintiff's implied contract claims for various checks.[7]  Defendants contend that there is no genuine issue of material fact that there are no writings for these items.  In support, defendants cite pages 14-15 of the Martel Deposition.  However, the Martel deposition indicates only that there were no contracts written regarding these items.  It does not indicate that no writings exist.

Moreover, plaintiff points to the checks themselves, which were attached as exhibits to its Complaint, and the financial records attached as exhibits to the deposition of

---

[6]   "A clear, distinct unequivocal acknowledgment of a debt, as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the Statute of Limitations."  Huntington Finance Corp. v. Newtown Artesian Water Company, 442 Pa.Super. 406, 410, 659 A.2d 1052, 1054 (Pa.Super. 1995).

[7]   See Act of May 10, 1881, P.L. 17, § 1, as amended, 33 P.S. § 5.

- 8 -

defendant Steven M. Hutchison as writings.[8]  In addition, the Promissory Note[9] in this case implies that there may be additional sums advanced by plaintiff to defendant pursuant to that writing.

Finally, except for citing a section of the statute of frauds, defendants have provided no authority for their contention that plaintiff's claims are barred by the statute of frauds.

Rule 7.1(c) of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania requires that a motion "shall be accompanied by a brief [or memorandum of law] containing a concise statement of the legal contentions and authorities relied upon in support of the motion."  E.D.Pa.R.Civ.P. 7.1(c).  A motion may be denied solely on the basis on the basis of insufficient briefing.  See Purcell v. Universal Bank, N.A., 2003 U.S.Dist. LEXIS 547 (E.D.Pa. Jan. 3, 2003).

In this district, all litigants are expected to address substantive matters in a meaningful manner

> Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and

---

[8]  See Answer of Equipment Finance, LLC to Motion for Summary Judgment at paragraph 8.

See also Notes of Testimony of the oral deposition of Steven M. Hutchison, October 20, 2009.  The Hutchison deposition was attached as an exhibit to defendants' Motion for Summary Judgment.

[9]  Plaintiff's Complaint, Exhibit A.

> ultimately in serving the ends of justice.  Any
> brief in opposition or any other memorandum of law
> that is lacking even a modicum of these elements
> is woefully insufficient and inexcusable.

Covenhaver v. Borough of Bernville, 2003 U.S.Dist. LEXIS 1315 (E.D.Pa. Jan. 9, 2003)(Rufe, J.).

Here, defendants' mere citation of the statute of frauds without any meaningful discussion of its applicability and without citing other authority in support of its argument is insufficient under Local Rule 7.1(c).

Therefore, because there are writings from which the fact-finder at the non-jury trial of the within matter could infer a promise by defendants to repay plaintiff for monies advanced, and because defendant has provided no meaningful legal argument on the issue of the applicability of the statute of frauds, I also deny summary judgment concerning defendants' statute of frauds defense.

### Statement of Undisputed Material Facts

In any event, I deny defendants' Motion for Summary Judgment because defendants did not file the statement of undisputed material facts required by my November 18, 2009 Rule 16 Status Conference Order, filed November 23, 2009 (Document 20).

My order directed any party filing a motion for summary judgment to file "a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party

contends there is no genuine dispute." I further directed the movant to "support each such material fact with specific citations to the record, and, where practicable, [to] attach copies of the relevant portions of the record." My order further provided that failure of the movant "to submit such a statement may constitute grounds for denial of the motion."

These statements "alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further...." Waldridge, 24 F.3d at 923.

Requiring a statement of undisputed material facts is consistent with Federal Rule of Civil Procedure 56 which, as noted above, requires the movant to show that there are no genuine issues of material fact. Indeed, several district courts within the Third Circuit impose such a requirement by local rule.[10] Other district courts across the country do so as well.[11]

---

[10] See Rule 56.1 of the Rules of Court for the United States District Court for the Middle District of Pennsylvania; Rule 56.B of the Local Rules of the United States District Court for the Western District of Pennsylvania; Rule 56.1(a) of the Local Civil Rules for the United States District Court for the District of New Jersey; Rule 56.1(a)(1) of the Local Rules of Civil Procedure of the District Court of the Virgin Islands of the United States.

[11] See, e.g., Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; Rule 56-1 of the Local Civil Rules for the United States District Court for the Central District of California; Rule 56.1(a) of the Local Rules of the United States District Court for the Northern District of Illinois.

In addition, Federal Rule of Civil Procedure 83(b) provides:

> A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Defendants had notice of my requirement that they file a statement of undisputed material facts, and of the possible consequences of failing to do so. Nevertheless, defendants did not comply with the requirement.[12] Therefore, I also deny

---

[12] On March 18, 2010 the parties, through counsel, jointly filed Agreed Upon Findings of Fact and Conclusions of Law (Document 28) as directed by my Non-Jury Trial Attachment Order dated January 8, 2010 and filed January 11, 2010 (Document 23). The attachment order required the parties to "submit to the court at least thirty days before commencement of trial, one complete set of agreed-upon findings of fact and conclusions of law." This was a separate requirement from the directive in my November 18, 2009 Rule 16 Status Conference Order to submit a statement of undisputed material facts "about which the moving party contends there is no genuine dispute."

The attachment order directing submission of agreed-upon findings of fact and conclusions of law did not require counsel to support their agreed findings and conclusions with citations to the record, and counsel did not do so. This is in contrast to the status conference order directing any party filing a motion for summary judgment to support each material fact about which the moving party contends there is no genuine dispute "with specific citations to the record, and, where practicable, [to] attach copies of the relevant portions of the record."

The agreed-upon findings and conclusions serve a separate and different purpose than the statement of undisputed material facts. The agreed findings and conclusions enable the judge to narrow the scope of the non-jury trial and aid the judge in articulating written findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a)(1).

My Rule 16 Status Conference Order requires the party moving for summary judgment in both jury and non-jury trials to file and serve a statement of undisputed material facts about which the moving party contends there is no genuine dispute. It also requires any party opposing a motion for summary judgment to file and serve a statement of the material facts about which the opposing party contends there is a genuine dispute (also with

(<u>Footnote 12 continued</u>):

defendants' Motion for Summary Judgment because defendants did not file a statement of undisputed material facts.

CONCLUSION

Because defendants failed to meet their burden of persuasion as movants for summary judgment based on the affirmative defenses of the statute of limitations and the statute of frauds, and because defendants failed to file the statement of undisputed facts with specific citations to the relevant portions of the record as required by my Rule 16 Status Conference Order, I deny defendants' Motion for Summary Judgment.

---

(Continuation of footnote 12):

specific citations to the record). Consideration of both these documents and the cited portions of the record enables the court to more correctly determine whether there are or are not genuine disputes of material facts rendering summary judgment inappropriate or appropriate.

By not providing a statement of undisputed material facts with record citations, defendants render more difficult the court's job of determining precisely what factual questions are or are not in dispute. Also, defendants have not pointed the court to specific evidence in the record which supports their position concerning those questions. In the words of the Circuit Court of Appeals in Waldridge, supra, "without them the court should not have to proceed further".